EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Fernando A. Villamil Higuera | 2013 TSPR 61 188 DPR ____ |
|---|---|

Número del Caso: TS-2025

Fecha: 7 de mayo de 2013

Programa de Educación Jurídica Continua

Materia: Conducta Profesional – La suspensión será efectiva a partir del 8 de mayo de 2013, fecha en que se le notificó al abogado por correo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Fernando A. Villamil Higuera

TS-2025

PER CURIAM

En San Juan, Puerto Rico, a 7 de mayo de 2013.

Tras más de 50 años al servicio de la profesión legal, hoy nos vemos forzados a suspender indefinidamente del ejercicio de la abogacía y notaría al Lcdo. Fernando A. Villamil Higuera por incumplir con los requisitos del Programa de Educación Jurídica Continua, 4 L.P.R.A. Ap. XVII-E.

I

El 3 de noviembre de 1960 admitimos al Lcdo. Fernando A. Villamil Higuera al ejercicio de la abogacía, y el 21 de noviembre de 1960 al de la notaría.

En esta ocasión enfrenta una suspensión

indefinida del ejercicio de la abogacía y la notaría por incumplir con los requisitos del Programa de Educación Jurídica Continua desde el 1ro. de febrero de 2007 hasta el 31 de enero de 2009, e ignorar los requerimientos de este Tribunal. La Directora del Programa de Educación Jurídica Continua presentó ante nos un Informe sobre Cumplimiento con Requisito de Educación Jurídica Continua el 12 de diciembre de 2012.

El escrito hizo constar que el 25 de febrero de 2009 se le envío al abogado un Aviso de Incumplimiento, al que no respondió. El 18 de noviembre de 2010 se le envió una citación para una vista informal que tendría lugar el 20 de diciembre de 2010, acorde con la Regla 31 y 32 del Programa de Educación Jurídica Continua, *supra*. En la alternativa, se le concedieron 10 días para que compareciera por escrito.

El licenciado Villamil Higuera no compareció a la vista citada ni presentó un escrito alternativo. Luego de que la Junta del Programa evaluara el caso, nos refirió el informe el 24 de octubre de 2012, acorde con la Regla 34(C), *supra*. Además, se hizo constar a este Tribunal que, incluso, no se ha presentado evidencia de cumplimiento con el Programa durante el período de 1 de febrero de 2009 hasta el 31 de enero de 2011. Además, se dejó saber que el Servicio Postal devolvió la correspondencia que se envió a la dirección que consta en el Registro Único de Abogados (RUA).

El 26 de diciembre de 2012 emitimos una Resolución en la que apercibimos al licenciado Villamil Higuera del Informe que presentó el Programa de Educación Jurídica Continua. Concedimos 20 días para que mostrara causa por la cual no debíamos suspenderle del ejercicio de la profesión por su incumplimiento. Sin embargo, al 20 de febrero de 2013 la Resolución no se había notificado personalmente.

La Oficina del Alguacil informó que en la dirección que consta en el expediente, la Urb. Rexmador, A-9, calle 3, Guayama PR 00784, ubica una residencia que está abandonada. Los alguaciles auxiliares que acudieron al lugar indagaron con un vecino, quien les informó que el licenciado Villamil Higuera se mudó a algún lugar no especificado en los Estados Unidos, y que reside en un hogar por su condición de salud. El vecino proveyó una dirección y número de teléfono que presuntamente corresponde a su hija. Sin embargo, los esfuerzos por lograr comunicación nuevamente resultaron infructuosos.

II

El Reglamento del Programa de Educación Jurídica Continua, *supra*, requiere que los abogados tomen 24 créditos de educación jurídica continua que ofrezca alguna institución acreditada a esos propósitos, salvo algunas excepciones que se desglosan en la Regla 4, *supra*.

Por otro lado, el Canon 9 del Código de Ética Profesional exige que la conducta de los abogados hacia

los tribunales se caracterice por el mayor respeto. 4 L.P.R.A. Ap. IX. Como parte de ese deber de respeto hacia los tribunales, es indispensable la obediencia a los requerimientos de este Tribunal, particularmente cuando se trata de procedimientos disciplinarios. In re Grau Collazo, 185 D.P.R. 938, 943-944 (2012); In re Ramírez Ferrer, 183 D.P.R. 382, 384 (2011). Hemos advertido que no responder a nuestras órdenes conlleva la suspensión del ejercicio de la profesión, pues denota indiferencia a nuestros apercibimientos. Esta conducta constituye una violación del Canon 9, supra. In re Grau Collazo, supra, págs. 943-944 (2012); In re Ramírez Ferrer, supra, pág. 384.

Además, la Regla 9(j) del Reglamento del Tribunal Supremo requiere a los abogados informar inmediatamente a la Secretaría de cualquier cambio de dirección postal o física. 4 L.P.R.A. Ap. XXI-A. In re Rojas Rojas, 185 D.P.R. 405, 408 (2012); In re Grau Collazo, supra, pág. 944.

El licenciado Villamil Higuera ha incumplido con los requisitos del Programa de Educación Jurídica Continua y no consta evidencia de que cumple con las excepciones que le permitirían obviar esos requisitos. Tampoco ha comparecido a contestar los requerimientos de este Tribunal, lo que constituye una violación al Canon 9, supra. Por último, el letrado incumplió con el deber que impone la Regla 9(j) del Tribunal Supremo, supra, de

informar a nuestra Secretaría sobre los cambios de direcciones postales y físicas.

Somos conscientes de que el incumplimiento del licenciado Villamil Higuera podría estar relacionado con su estado de salud. Sin embargo, la falta de comunicación con el letrado no nos deja otra salida que suspenderle indefinidamente del ejercicio de la abogacía y la notaría.

III

De esta forma, suspendemos inmediata e indefinidamente al Lcdo. Fernando A. Villamil Higuera del ejercicio de la abogacía y la notaría por incumplir con los requisitos del Programa de Educación Jurídica Continua, 4 L.P.R.A. Ap. XVII-E, no informar a Secretaría los cambios de dirección, y no atender los requerimientos de este Tribunal.

El licenciado Villamil Higuera tiene el deber de notificar a sus clientes, si alguno, de su inhabilidad para continuar con su representación y deberá devolverles los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán certificarse a este Tribunal dentro del término de treinta días a partir de la notificación de esta Per Curiam y Sentencia.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial del Lcdo. Fernando A. Villamil

Higuera, incluyendo su sello notarial, y deberá entregarlos a la Oficina de Inspección de Notarías para el examen correspondiente e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Fernando A. Villamil Higuera

TS-2025


SENTENCIA

En San Juan, Puerto Rico, a 7 de mayo de 2013.


Por los fundamentos expuestos en la Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, suspendemos inmediata e indefinidamente al Lcdo. Fernando A. Villamil Higuera del ejercicio de la abogacía y la notaría por incumplir con los requisitos del Programa de Educación Jurídica Continua, 4 L.P.R.A. Ap. XVII-E, no informar a Secretaría los cambios de dirección, y no atender los requerimientos de este Tribunal.

El licenciado Villamil Higuera tiene el deber de notificar a sus clientes, si alguno, de su inhabilidad para continuar con su representación y deberá devolverles los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán certificarse a este Tribunal dentro del término de treinta días a partir de la notificación de esta Per Curiam y Sentencia.

El Alguacil de este Tribunal procederá a

incautarse de la obra notarial del Lcdo. Fernando A. Villamil Higuera, incluyendo su sello notarial, y deberá entregarlos a la Oficina de Inspección de Notarías para el examen correspondiente e informe a este Tribunal.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Kolthoff Caraballo no intervino.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo